Clerk's Office
Filed Date:

05/17/2021

U.S. DISTRICT
COURT
EASTERN DISTRICT
OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ADAM BRUZZESE,

                Plaintiff,

                13 CV 5733 (SJ)

     -against-                MEMORANDUM & ORDER

MERRICK B. GARLAND,
ATTORNEY GENERAL OF THE
UNITED STATES,

                Defendant.
----------------------------------------------------X
A P P E A R A N C E S

ADAM BRUZZESE, *PRO SE*
48 Weiden Street
Farmingdale, New York 11735

MERRICK B. GARLAND
Attorney General
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: James R. Cho
Timothy D. Lynch
David Cooper
*Attorneys for Defendant*

1

**JOHNSON, Senior District Judge:**

Presently before the Court is Plaintiff Adam Bruzzese's motion for reconsideration. Based on the parties' submission and for the reasons stated below, the motion is DENIED.

**BACKROUND**

In 2013 Plaintiff Adam Bruzzese ("Plaintiff" or "Bruzzese") brought a claim of unlawful discrimination pursuant to the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq.*, against the Attorney General of the United States ("Defendant"). Defendant challenged his reassignment as a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") to a non-law enforcement position.

Plaintiff worked as an ATF Special Agent from May 2000 to June 2009. His job involved extensive field work and carrying a firearm. In June 2009 Plaintiff's supervisor ATF Special Agent in Charge Ronald Turk ("SAC Turk") reassigned him to a non-law enforcement job. Plaintiff argued that SAC Turk reassigned Plaintiff because SAC Turk believed that Plaintiff was suffering from a mental impairment. By contrast, Defendant claimed that Plaintiff was reassigned due to concerns about Plaintiff's mental health and emotional stability.

In response, Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that ATF discriminated against him based on a perceived mental disability. An EEOC Administrative Judge found that Plaintiff failed to show discrimination. ATF adopted the decision and the EEOC Office of Federal Operations affirmed.

On October 18, 2013 Plaintiff brought suit against Defendant in the United States District Court for Eastern District of New York regarding his reassignment. (Dkt. No. 1). On November 16, 2015, Defendant moved for summary judgment. (Dkt. No. 49). Judge Weinstein[1] granted Defendant's motion, finding that Plaintiff was not qualified to be a Special Agent, was not an individual with disability (nor was he regarded as one by his supervisors), was not discriminated against because of a disability, and that Defendant offered non-discriminatory reasons for the reassignment that were not pretextual on June 8, 2016. (Dkt. No. 80). On June 9, 2016 Plaintiff appealed the judgment (Dkt. No. 81) and on July 3, 2018 the Second Circuit affirmed the judgment. (Dkt. No. 86). Since then, Plaintiff has filed myriad motions contesting his reassignment. (Dkt. Nos. 93, 94, 95). Plaintiff filed this motion on May 20, 2020. [2] (Dkt. No. 96).

---

[1] The case was reassigned to this court on March 10, 2020.
[2] Plaintiff has subsequently filed five additional letters to the Court. (Dkt. Nos. 97-101).

**DISCUSSION**

The Court construes *pro se* litigants pleadings and briefs "liberally…reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted). Accordingly, the Court will consider Plaintiff's motion for a telephonic hearing "to seek a remedy to [his] improper reassignment," (which raises the same issues and facts as the original complaint and is procedurally improper), a motion for relief from a final order or judgment and will construe his submissions to raise the strongest arguments. Nonetheless, Plaintiff's motion fails.

Rule 60(b) provides that a court may relieve a party from a final judgment or order for certain reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "Since [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Here, Plaintiff alleges new evidence. According to Plaintiff, after Judge Weinstein granted Defendant's summary judgment motion, a certain "newsworthy event" occurred that would have influenced the Court's judgment and constitutes new evidence. Plaintiff argues that the newsworthy

event, the reinstatement of a sergeant in Broward County, Florida, is proof that he was improperly reassigned and denied due process. This "newsworthy event" is not new evidence; it is not even relevant to Plaintiff's case.[3]  Given that this is his only argument in support of a new hearing, Plaintiff's motion is denied. The Court warns Plaintiff against continuing to file frivolous letters and motions. Should Plaintiff continue to do so, the Court will consider imposing sanctions. *See, e.g., Jericho Grp. Ltd. v. Mid-Town Dev. Ltd. P'ship*, No. 14-CV-2329, 2015 WL 6680213, at *6-7 (E.D.N.Y. Nov. 2, 2015) (threatening sanctions and attorneys' costs where plaintiff filed multiple motions for reconsideration).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED.

SO ORDERED.

Dated: May 14, 2021
Brooklyn, NY

signed Sterling Johnson, Jr., USDJ
STERLING JOHNSON, JR.
Senior United States District Judge

---

[3] The case concerns local law enforcement rather than federal law enforcement; an administrative rather than judicial proceeding; and the sergeant's behavior was, arguably, the opposite of Plaintiff's. Accordingly, it has no bearing (let alone precedential effect) on this case.

5